# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DARWYNN L. BARWICK,

:

    Plaintiff,                             Case No. 3:05-cv-214

:          District Judge Thomas M. Rose
  -vs-                                            Chief Magistrate Judge Michael R. Merz

KIMBERLY HARSHBARGER,

:

    Defendant.

## REPORT AND RECOMMENDATIONS; ORDER TO CLERK AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2) as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") read as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim upon which relief can be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). In deciding whether a complaint

1

is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F. 3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F. 2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349. Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F. 2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

Plaintiff's Complaint alleges that he is the natural father of Aaron G. Payne. He alleges that Defendant Harshbarger in her capacity as a magistrate in the Juvenile Division of the Montgomery County Common Pleas Court entered an order modifying the child support he was receiving from Payne's mother, Myra Pauley, upon an incorrect finding of fact, to wit, that Plaintiff has income of $40,000 per year. That finding is embodied in Magistrate Harshbarger's Decision of June 24, 2003, attached to the Complaint as Exhibit B. Thereafter in April, 2004, Plaintiff filed a Motion to Modify Child Support Order with respect to Aaron Payne, also before the Juvenile Division, but apparently assigned to Magistrate Cranmer (attachment 2 to the Complaint). In his request for relief, Plaintiff merely asks that this Court appoint counsel and hear his case.

Federal courts are courts of limited jurisdiction. That is to say, they can only hear cases which are assigned to them under the United States Constitution. It has long been the law that the

2

federal courts will not hear domestic relations cases, including matter of child support and custody, even if the parents are citizens of different States. *Barber v. Barber,* 62 U.S. 582, 21 How. 582, 16 L.Ed. 226 (1859); *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992). To the extent Plaintiff seeks to have this Court decide the question of how much child support he is entitled to receive, that question comes squarely within the domestic relations exception and therefore cannot be decided by this Court.

In addition, Plaintiff seems to be seeking relief from a past order entered by Magistrate Harshbarger because it was grounded in a mistake of fact about Plaintiff's income. This Court also has no jurisdiction to reconsider a judicial decision of a state court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Peterson Novelties, Inc. v. City of Beckley,* 305 F. 3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F. 2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F. 2d 524 (6th Cir. 1985).

It is respectfully recommended, therefore, that this case be dismissed without prejudice for lack of subject matter jurisdiction.

The Clerk is ordered not to issue process pending further order of the Court. Plaintiff's motion for appointment of counsel (Doc. No. 3) is denied as moot.

June 18, 2005.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because

this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Barwick v. Harshbarger 01.wpd