# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DARWYNN L. BARWICK,

    Plaintiff,

Case No. 3:05-cv-214

   -vs-

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

KIMBERLY HARSHBARGER,

    Defendant.

## REPORT AND RECOMMENDATIONS ON MOTION FOR JUDGMENT *NON OBSTANTE VEREDICTO*

This action is before the Court on Plaintiff's Motion for Judgment NOV *(non obstante veredicto)* or for a new trial (Doc. No. 13). In the Motion, Plaintiff attacks the judgment entered by this Court on September 7, 2005 (Doc. Nos. 11 & 12) which denied his Motion for Reconsideration (Doc. No. 8) of the July 19, 2005 judgment which dismissed this case for lack of subject matter jurisdiction (Doc. No. 5).

Plaintiff's claims the case should be reopened because he has newly discovered evidence and there is new law which supports his position that this Court has subject matter jurisdiction. Assuming that Plaintiff's Motion is timely under Fed. R. Civ. P. 59, it is without merit for the following reasons.

First of all, Plaintiff asserts that he has found proof that this Court does exercise jurisdiction over child custody cases, citing a press release by Michael Galluzzo from 2002. In the *Galluzzo* case, this Court, through the undersigned, found that it had jurisdiction to consider the constitutionality of the Ohio statute which provides for the award of primary custody to one parent in a divorce proceeding after carefully limiting the case to that question and eschewing, under *Rooker-Feldman*, any authority to reconsider the custody award made by the Champaign County Common Pleas Court.

1

Early in the case, plaintiff there had sought to have this Court consider his arguments about the statute as part of an effort to avoid a contempt sentence and the Court declined under *Rooker-Feldman*. Thus *Galluzzo* does not support Plaintiff's position here, where he seeks to have this Court interfere with the judgment Defendant Harshbarger handed down.

Plaintiff also relies on *Hood v. Keller*, 341 F. 3d 593 (6th Cir. 2003), and *Exxon Mobil v. Saudi Basic Ind. Corp.*, 544 U.S. ___, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). Although both of these cases apply the Rooker-Feldman doctrine, neither supports Plaintiff's position. In *Hood* a Christian pastor who had been convicted of distributing tracts on the Ohio statehouse grounds without a permit brought suit to declare the permit requirement unconstitutional. He avoided the *Rooker-Feldman* bar because he was not trying to set aside his past conviction, which was a judgment of the state courts, but merely to clear the way for future tract distribution. *Exxon Mobil* involved a royalty dispute between two corporations where parallel cases were filed in the Delaware state courts and federal court in New Jersey. The state courts reached judgment first. The Supreme Court held that ordinary preclusion doctrine under 28 U.S.C. §1738 would control the use made of the state court judgment in the federal action, but that the federal court was not barred from exercising jurisdiction by *Rooker-Feldman*.

Plaintiff's case is different from *Hood* because he is trying to get this Court to undo a Common Pleas judgment – to force Defendant Harshbarger to show how she came up with a $40,000 annual income figure for Plaintiff and to set aside the award if she cannot do so. Exxon Mobil is no help because Plaintiff did not have parallel litigation pending in this Court when the state case was ongoing and indeed could not have done so because this Court does not exercise jurisdiction over child custody disputes. (In *Exxon Mobil* the case could be filed simultaneously in state and federal courts because federal courts have jurisdiction over cases involving foreign states.)

Plaintiff has still not shown that this Court has subject matter jurisdiction over his claim. His

Motion for Judgment NOV or New Trial should be denied.

September 17, 2005.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).