# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DARWYNN L. BARWICK,

:

    Plaintiff,                         Case No. 3:05-cv-214

:             District Judge Thomas M. Rose
    -vs-                                 Chief Magistrate Judge Michael R. Merz

KIMBERLY HARSHBARGER,

:

    Defendant.

## REPORT AND RECOMMENDATIONS ON MOTION FOR TIME TO OBJECT

This action is before the Court on Plaintiff's Motion for Extension of Time to Object to the Second Report and Recommendations of the undersigned filed September 10, 2005[1] (Doc. No. 16).

As grounds for the extension, Plaintiff alleges that he never received the Report and Recommendations in question until April 2, 2006. There are serious questions about the credibility of this allegation:

1. The Clerk's office has a routine procedure for sending filings to *pro se* litigants. For Plaintiff to have failed to receive notice of the Report in question, the Clerk would have to have failed to send him the Report **and** Judge Rose's Order adopting the Report (Doc. No. 15). The address which the Clerk has on file (3260 West Fourteenth Avenue, Apt. #241, Denver, Colorado 80204) is the same address which appears as the return address on mail sent by Plaintiff on April 11, 2006.

2. Plaintiff did not object to the first Report and Recommendations recommending dismissal of

---

[1] No Report and Recommendations were filed on September 10, 2005. The Court presumes Plaintiff is referring to the Report and Recommendations filed September 19, 2005, the most recent report in this case.

1

      this case for lack of subject matter jurisdiction, claiming he didn't receive it until June 23, 2006, but then not filing any response until July 25, 2005, despite notice of the time within which objections were required.

3. Plaintiff called the Court on March 27, 2006, and spoke with Deputy Clerk Beverly Cummings. At that time, he claimed to have sent the objections he now seeks to make to the Court by certified mail. However, he has produced no evidence of delivery of those objections (i.e., the Postal Service acknowledgement of receipt card).

If the Court decides to overlook the lack of timeliness and consider the objections, it should not reopen its final judgment in this case. Plaintiff's Objections argue that he was discriminated against on the basis of his race and sex by Defendant, Montgomery County Juvenile Magistrate Kimberly Harshbarger when she gave interim custody of Plaintiff's biological son to his Aunt Jeanne Ballard and when he was required to pay child support to Myra Pauley with respect to his son. He asks the Court to reject the Report and Recommendations because they "are not supported by any evidence or documentation that would prove [Plaintiff] was unfit to have custody of his biological child. . . ." (Motion, Doc. No. 16, at 4).

It is certainly true that the Report and Recommendations are not supported by any evidence or documentation at all. As noted in the original Report and Recommendations (Doc. No. 4) which this Court adopted in July of last year, this Court does not have jurisdiction over (i.e., power to decide) custody matters or to consider what amounts to an appeal of a decision of the Montgomery County Common Pleas Court, even if those judgments were occasioned by racial or gender bias by the judge rendering the decision.

Plaintiff's Objections are both untimely and without merit. The Motion for Extension of Time should be denied.

April 17, 2006.

                                        s/ Michael R. Merz
                                  Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).