# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DARWYNN L. BARWICK,

        Plaintiff,             :            Case No. 3:05-cv-214

                              :            District Judge Thomas M. Rose
   -vs-                                       Chief Magistrate Judge Michael R. Merz

KIMBERLY HARSHBARGER,

        Defendant.

---

### REPORT AND RECOMMENDATIONS ON APPEAL *IN FORMA PAUPERIS*

---

This action is before the Court on Plaintiff's Notice of Appeal (Doc. No. 20) to the Sixth Circuit from this Court's denial of his Motion for extension of time to object.  Plaintiff has not paid the filing fee for an appeal and presumably seeks to appeal *in forma pauperis*.

The Sixth Circuit Court of Appeals requires that all district courts in the Circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis,* whether the appeal is frivolous. *Floyd v. United States Postal Service*, 105 F. 3d 274 (6th Cir. 1997).

28 U.S.C. §1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

Plaintiff was granted leave to proceed *in forma pauperis* in this Court, but that determination is not conclusive, since the appeal involves a separate proceeding.  *Slack v. McDaniel,* 120 S. Ct. 1595 (2000)*; Spruill v. Temple Baptist Church,*  141 F. 2d 137, 138 (D.C. Cir.1944). If the party was permitted to proceed in forma pauperis in the district court, the party may proceed on appeal *in forma pauperis* without further authorization unless the district court certifies in writing that an appeal would not be taken in good faith, or the party is not otherwise entitled to proceed as a pauper.

1

See Fed. R.App. P. 24(a)(3). If the district court denies the individual leave to proceed in forma pauperis on appeal, the party may file, within thirty days after service of the district court's decision as prescribed for by Fed. R.App. P. 24(a)(4), a motion with the Court of Appeals for leave to proceed as a pauper on appeal. The party's motion must include a copy of the affidavit filed in the district court and the district court's statement as to its reasons for denying pauper status on appeal. See Fed. R.App. P. 24(a)(5). *Callihan v. Schneider,* 178 F. 3d 800, 803 (6th Cir. 1999), holding *Floyd v. United States Postal Service*, 105 F. 3d 274 (6th Cir. 1997), superseded in part by 1998 amendments to Fed. R.App. P. 24.

The test under §1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue not frivolous. *Coppedge v. United States,* 369 U.S. 438, 445-46, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).  Thus an appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal.  This test will often be difficult to apply in any conclusive manner at the district court level because only a bare notice of appeal is before the District Court;  it will often be unable to evaluate the issues appellant intends to raise on appeal because the appellant has no occasion to reveal those issues in a notice of appeal.

In this case, the issue Plaintiff seeks to appeal is this Court's denial of his motion for an extension of time to object to the Magistrate Judge's Report and Recommendations recommending that Plaintiff's Motion for Judgment NOV be denied.  The docket shows the following:

1. June 20, 2005: Magistrate Judge recommends dismissal without prejudice for lack of subject matter jurisdiction because this is essentially an appeal from a state court determination of a child custody matter (Doc. No. 6).  Plaintiff fails to make timely objections and Judge Rose adopts the R&R on July 19, 2005.  No appeal was taken.

2. August 1, 2005: Magistrate Judge recommends denial of Plaintiff's Motion for

2

      Reconsideration because no arguable basis for jurisdiction has been shown (Doc. No. 9). Judge Rose adopts this Report September 7, 2005 (Doc. No. 11). No appeal is taken.

3.   September 19, 2005: Magistrate Judge recommends denial of Plaintiff's Motion for Judgment NOV because he has still shown no arguable basis for jurisdiction (Doc. No. 14). In the absence of any objections from Plaintiff, Judge Rose adopts this Report October 14, 2005 (Doc. No. 15).

4.   On March 27, 2006, the Plaintiff called the Clerk and claimed he had never received a copy of Judge Rose's most recent order. He also claimed he had sent objections by certified mail, but the Clerk has never received them. He was sent an additional copy of the Order and the Report and Recommendations.

5.   April 17, 2006: Plaintiff files his Motion for Extension of Time to File Objections (Doc. No. 16). The Magistrate Judge recommends denying the Motion because they were very untimely and there was still no showing of arguable subject matter jurisdiction (Doc. No. 17).

      Even assuming the Court of Appeals decided that each and every failure of this Court to excuse Plaintiff's tardiness in filing was an abuse of discretion, there is still no showing by Plaintiff that this Court arguably has subject matter jurisdiction. We are barred from exercising such jurisdiction both by the domestic relations exception to diversity jurisdiction and by the Rooker-Feldman doctrine. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F. 3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F. 2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F. 2d 524 (6th Cir. 1985).

It is therefore recommended that this Court certify to the Sixth Circuit that the appeal is frivolous and assess the appellate filing fee of $455 against the Plaintiff.

June 19, 2006.

                                                                              s/ Michael R. Merz
                                        Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).